UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:16-CV-22082-JAL

Rosa Cabrera and
Nelson Marquez,

        Plaintiffs,

vs.

Hialeah Housing Authority, Inc.;

City of Hialeah;
and

Rene Gutierrez, *in his official and individual capacity*

        Defendants.

# DEFENDANT, CITY OF HIALEAH'S, MOTION TO DISMISS COUNTS 1, 2, AND 3 FROM PLAINTIFFS' COMPLAINT [DE #1] AND INCORPORATED MEMORANDUM OF LAW

Defendant, CITY OF HIALEAH (City), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Southern District of Florida Local Rule 7.1, moves this court for a dismissal of Counts 1, 2, and 3 from Plaintiffs, ROSA CABRERA and NELSON MARQUEZ's Complaint [DE #1]. In support of its Motion and Incorporated Memorandum of Law, the City states as follows:

## BACKGROUND

Plaintiffs, Rosa Cabrera and Nelson Marquez, have sued the City, a Fraud Investigator for the Hialeah Housing Authority, Inc. (Rene Gutierrez), and the Hialeah Housing Authority, Inc., for damages and equitable relief arising out of alleged religious discrimination and intentional infliction of emotional distress. [DE #1]. Plaintiffs allege that Mr. Gutierrez's investigation into Ms. Cabrera's living arrangement in Section 8 Housing infringed upon Ms. Cabrera and Mr. Marquez's freedom of religion to practice Santeria. [DE #1 ¶¶ 68-75]. Plaintiffs further claim that Mr. Gutierrez's efforts to terminate Ms. Cabrera's Section 8 Housing has caused them both to live in constant fear of Mr. Gutierrez. [DE #1 ¶¶ 74-75].

## PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint [DE #1], alleges three counts against the City as follows:

1. Count 1 alleges a violation of 42 U.S.C. § 1983 against all Defendants[1] based upon an abridgement of the Plaintiffs' right to practice Santeria in accordance with the First Amendment. [DE# 1 ¶¶ 68-74].

2. Count 2 alleges a Title VII Equal Protection claim against all Defendants as a result of Mr. Gutierrez's deliberate indifference to the Plaintiffs' constitutional rights. [DE #1 ¶ 83].

---

[1] The City only responds to the allegations made against the City, and not any other Defendant.

3. Count 3 alleges an intentional infliction of emotional distress claim against all Defendants. [DE #1 ¶¶ 87-95].

## COUNTS 1, 2, AND 3 FAIL TO STATE CLAIMS AGAINST THE CITY UPON WHICH RELIEF CAN BE GRANTED.

4. The City moves to dismiss Counts 1, 2, and 3 based on the Plaintiffs' failure to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and the pleading standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

5. A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2) and (3). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Notwithstanding the assumption of truth of the factual allegations of the plaintiff's complaint, where there is a dispositive legal issue which precludes relief, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

6. A complaint alleging multiple claims against multiple defendants must give adequate notice to each defendant as to the nature of the claim. *Joseph v. Bernstein*, Case No. 13–24355–CIV, 2014 WL 4101392 at *3 (S.D. Fla. Aug. 19, 2014). "When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Id.* (*citing Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04–60602 CIV, 2006 WL 4590705, at *5 (S. D. Fla. Apr. 14, 2006)).

# INCORPORATED MEMORANDUM OF LAW

Pursuant to Southern District of Florida Local Rule 7.1, the City incorporates the following memorandum of law in support of its Motion to Dismiss Counts 1, 2, and 3 from the Plaintiffs' Complaint. As an initial matter, each of the Plaintiffs' Counts alleges wrongdoing by all of the Defendants jointly and fails to separate the allegations as to each Defendant. Also, Counts 1, 2, and 3 fail to state claims upon which relief can be granted for three reasons: (1) Plaintiffs fail to allege a specific City policy or custom under 42 U.S.C. § 1983 for which the City can be liable; (2) Plaintiffs cannot assert a Title VII claim for employment discrimination without being employed by the City or having applied for employment with the City; and (3) the City has sovereign immunity under section 768.28(9)(a), Florida Statutes, for the allegedly intentional actions its agents committed outside the scope of their employment. Therefore, these Counts should be dismissed as to the City.

**A. COUNT 1 FAILS TO STATE A SECTION 1983 CLAIM AGAINST THE CITY FOR DEPRIVATION OF RELIGIOUS FREEDOM.**

"The [United States] Supreme Court has placed strict limitations on municipal liability under § 1983." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003). A municipality cannot be held liable under § 1983 for the acts of its employees under a theory of *respondeat superior*. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). To the contrary, a municipality "may only be held liable under 42 U.S.C. § 1983

when the injury caused was a result of a municipal policy or custom." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009) (emphasis added). To establish "§ 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations omitted). Therefore, the complaint must allege facts which, if proven, would establish municipal responsibility for its commission.

Plaintiffs' 42 U.S.C. § 1983 claim alleges that Mr. Gutierrez violated their constitutional right to freedom of religion in his pursuit to terminate Ms. Cabrera's housing voucher. [DE #1 ¶¶ 72-74]. Plaintiffs implicate the City on this claim solely on the basis of vicarious liability for Mr. Gutierrez's actions. [DE #1 ¶ 77]. But a § 1983 claim against the City cannot be premised on vicarious liability. It is firmly established that municipalities cannot be held vicariously liable under § 1983 for the actions of an employee. *See, e.g. Connick v. Thompson*, 563 U.S. 51, 60 (2011). Moreover, Plaintiffs proffer no allegations that the City itself is responsible for a policy or custom that abridges religious freedom to practice Santeria. *See* [DE #1]; *Connick*, 563 U.S. at 61 (Examples of "[o]fficial municipal policy include[] the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and

widespread as to practically have the force of law."). As a result, the Plaintiffs' allegations under Count 1 must be dismissed.

### B. COUNT 2 FAILS TO STATE A TITLE VII CLAIM AGAINST THE CITY UPON WHICH RELIEF CAN BE GRANTED.

Title VII of the Civil Rights Act of 1964, as codified by 42 U.S.C. § 2000e-2(a) states:

> It shall be an unlawful employment practice **for an employer**:
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(emphasis added). Congress enacted Title VII "to achieve equality of employment opportunities and remove barriers that have operated in the past to favor an identifiable group of white employees over other employees." *Griggs v. Duke Power Co.*, 401 U.S. 424, 429-30 (1971).

Plaintiffs' reliance upon Title VII to assert an Equal Protection claim against the City is inapposite. [DE #1 ¶ 83]. The purpose of Title VII is to eliminate discriminatory employment practices. *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-07 (1998).

Plaintiffs fail to allege that they have ever been employees of the City, or applicants for employment with the City. *See* [DE #1]. Therefore, because the Plaintiffs' allegations do not fall within the ambit of the employment context, there is no basis for the City's liability as an employer. *See Reeves v. DSI Sec. Services*, 331 Fed. Appx. 659, 663 (11th Cir. 2009) (affirming the district court's grant of summary judgment to the defendant for the plaintiff's Title VII claim because the plaintiff failed to establish an employment relationship with the defendant).

### C. COUNT 3 FAILS TO STATE A STATE LAW CLAIM AGAINST THE CITY FOR THE ALLEGED INFLICTION OF EMOTIONAL DISTRESS BY ITS AGENTS.

Finally, Plaintiffs' intentional infliction of emotional distress claim fails to state a claim upon which relief can be granted because the City has sovereign immunity for the claims as alleged. Florida Statute 768.29(9) provides in relevant part:

> The state or its subdivisions **shall not** be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. (emphasis added).

Plaintiffs allege that the Defendants acted intentionally and outrageously "with conscious disregard and high probability of causing severe emotional distress." [DE #1 ¶¶ 87-89]. Because the City shall not be liable for the alleged actions of its agents taken

with willful disregard for the Plaintiffs' human rights, Count 3 fails to state a claim against the City for intentional infliction of emotional distress.

Plaintiff Cabrera alleges that Mr. Gutierrez initially searched her apartment on May 3, 2014 whereupon he discovered her Orisha room. [DE #1 ¶¶ 12-22]. Both Plaintiffs claim that Mr. Gutierrez's ensuing investigation over the next few months has caused them to "live in fear of going outside . . . [and] believe that they [were] being pursued by the Defendants." [DE #1 ¶ 91]. In short, Plaintiffs allege that—out of a disdain for their religious practices—Mr. Gutierrez intentionally took action to terminate Ms. Cabrera's Section 8 housing, which resulted in their purported emotional distress. [DE #1 ¶¶ 74-75]. These allegations are insufficient as a matter of law, however, because the City cannot be held liable for such intentional conduct by an employee of one of its agencies. Accordingly, Count 3 should be dismissed for failure to state a claim against the City for the intentional infliction of emotional distress.

## CONCLUSION

WHEREFORE, Defendant, City of Hialeah, requests dismissal of Counts 1, 2, and 3 from Plaintiffs' Complaint, and any other relief this Court deems just and proper.

Respectfully submitted,

By: *s/ Devang Desai*
Devang Desai, Esquire - FBN: 664421
ddesai@gaebemullen.com
Daniel R. Lazaro, Esquire - FBN: 99021
dlazaro@gaebemullen.com
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
*Attorneys for City of Hialeah*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **August 1, 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *s/ Devang Desai*
DEVANG DESAI, ESQ.
ddesai@Gaebemullen.com