UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-22082 JAL

ROSA CABRERA and
NELSON MARQUEZ,

                    Plaintiffs,

v.

HIALEAH HOUSING AUTHORITY, INC.,
CITY OF HIALEAH, and RENE GUTIERREZ,

                    Defendants.

_____/

### DEFENDANTS' VERIFIED MOTION TO TAX COSTS AND MEMORANDUM OF LAW IN SUPPORT

Defendants, HIALEAH HOUSING AUTHORITY, INC. ("HHA") and RENE GUTIERREZ ("Gutierrez") (collectively, the "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920, and S.D. Fla. L.R. 7.3,[1] hereby file their Verified Motion to Tax Costs and Incorporated Memorandum of Law in Support, and as grounds therefore state as follows:

### PROCEDURAL HISTORY

1. On or about June 8, 2016, Plaintiffs, ROSA CABRERA and NELSON MARQUEZ ("Plaintiffs"), filed a Complaint against the Defendants in this matter.

2. On August 22, 2016, this Court entered an Order dismissing this matter without prejudice for Plaintiffs' failure to respond to the Motions to Dismiss filed by the Defendants. [D.E. 25].

3. Thereafter, Plaintiff filed an Amended Complaint alleging claims only against the HHA and Gutierrez.

---

[1] Defendants plan to file separately a Motion for Attorneys' Fees and Non-Taxable Costs pursuant to S.D. Fla. L.R. 7.3(a).

4. Accordingly, the Court entered an order vacating the previous dismissal and reopened this case, allowing Plaintiffs to proceed with their claims against HHA and Gutierrez. [D.E. 33].

5. On or about October 19, 2016, HHA filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim against HHA. [D.E. 36].

6. On February 10, 2017, this Court entered an Order granting HHA's Motion to Dismiss Count II of Plaintiffs' Complaint, the only Count alleged against HHA. [D.E. 47].

7. Thereafter, Plaintiffs did not amend their Complaint to assert any additional Counts against HHA, rendering Gutierrez the sole Defendant remaining in the case.

8. On Wednesday, April 19, 2017, Plaintiff Marquez appeared with his attorneys for a noticed videotaped deposition at the office of the undersigned. However, prior to providing any testimony at deposition, attorneys for Marquez stated that Plaintiffs had made the decision to voluntarily dismissing this matter with prejudice.

9. The undersigned did not object to Plaintiffs' decision, but stated that Defendants HHA and Gutierrez expressly reserved their right to seek any costs and fees to which they might be entitled.[2]

10. As a result of this Court's dismissal of Plaintiffs' claims against HHA, and Plaintiffs' voluntary dismissal of the remaining claims against Gutierrez, Defendants are the prevailing parties.

11. Accordingly, Defendants are entitled to recover from the Plaintiffs all taxable costs incurred in defending this lawsuit, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

---

[2] Language regarding Defendants' reservation of rights to any allowable costs and fees incurred in defending this matter is included in Plaintiffs' Notice of Dismissal, filed with this Court on April 25, 2017. [D.E. 59].

12. As required by S.D. Fla. L.R. 7.3(c), an estimate for the amount of costs incurred by Defendants in defending this matter is set forth in the attached Bill of Costs.[3]

13. As required by S.D. Fla. L.R. 7.3 and 28 U.S.C. § 1924, this Motion is verified by the undersigned counsel for the Defendants, Bradley F. Zappala, Esq.[4]

14. As required by Local Rule 7.3(c), the undersigned counsel has attempted in good faith to confer with counsel for the Plaintiff under the procedure outlined in Local Rule 7.1(a)(3), and represents that he has received no response from Plaintiffs' counsel regarding the relief requested herein for the award of costs.

15. Accordingly, and for the reasons set forth more fully below, this Court should tax costs against Plaintiffs in the amount set forth more fully below.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 54 (d)(1) and 28 U.S.C. § 1920, the prevailing party is entitled to its costs. Federal Rule of Civil Procedure 54 permits the prevailing party in a federal lawsuit to recover the costs said prevailing party incurred in either prosecuting or defending such claim. Specifically, Federal Rule of Civil Procedure 54(d)(1) states, "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs …." However, the recovery under Rule 54(d) is limited to certain statutory costs enumerated under 28 U.S.C. § 1920. *See Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

Defendant HHA is a prevailing party in this matter because all claims against HHA were dismissed pursuant to this Court's Order granting HHA's Motion to Dismiss. [D.E. 47]. All

---

[3] Defendants' Bill of Costs, with supporting receipts for the costs requested herein, is attached hereto as **Exhibit A**.
[4] In accordance with 28 U.S.C. § 1924, the undersigned's affidavit verifying Defendants' Bill of Costs is attached hereto as **Exhibit B**.

Defendants are prevailing parties in this action because Plaintiffs voluntarily dismissed the action with prejudice pursuant to Fed. R. Civ. P. 41(a). [D.E. 59]. The rule is when a plaintiff voluntarily dismisses a case with prejudice, the defendant is the prevailing party for purposes of recovering its costs. *Sequa Corporation v. Cooper*, 245 F.3d 1036 (8th Cir. 2001); *Zenith Insurance Co. v. Breslaw*, 108 F.3d 205 (9th Cir. 1997); *Cantrell v. Int'l Bhd. of Elec. Workers Local*, 2021, 69 F.3d 456 (10th Cir. 1995). Therefore, Defendants are entitled to their costs.

As set forth under 28 U.S.C. § 1920, the following are costs that a court may tax: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all of any part of the stenographic transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *See* 28 U.S.C. § 1920.

In this case, Defendants, HHA and Gutierrez, seek costs under: 28 U.S.C. § 1920(1) for the fees incurred by them in serving subpoenas in this case (see *supra*., note 3); 28 U.S.C. § 1920(2) for the fees incurred in connection with court reporting services for videotaped depositions and transcripts necessarily obtained for use in this case; 28 U.S.C. § 1920(3) for the fees and disbursements for printing and obtaining copies of documents obtained for use in this case; and 28 U.S.C. § 1920(6) for compensation of interpreters retained in connection with the depositions of the Plaintiffs in this case.

## I.      Fees for Subpoenas.

Private process server fees may be taxed pursuant to § 1920(1), including private process server fees for service of subpoenas. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citing *United States EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).

## II.     Fees for Court Reporting Services

This Court is authorized by 28 U.S.C. § 1920(2) to tax the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Defendants seek to tax costs for court reporter services utilized for the depositions of Plaintiffs. For depositions, the court may tax costs for the attendance of the court reporter and the transcript. *Joseph*, 950 F. Supp. 2d at 1258-59.

Additionally, the Eleventh Circuit has held that "... when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Suppa v. Costa Crociere, S.p.A.*, No. 07–60526–Civ, 2008 WL 4629078 at \*2 (S.D. Fla. 2008), quoting *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). Of course, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies. *See Morrison*, 97 F.3d at 465 (noting that the prevailing party failed to explain why it was necessary to obtain both video copies and transcripts for use in the case).

The depositions of Plaintiffs were noticed to be recorded by stenographic and non-stenographic means, without objection. The videotaped depositions were reasonably necessary, in order to preserve the ability of the jury to fully evaluate the Plaintiffs' testimony in the event that

Plaintiffs were unable to appear at trial. This was especially important in this case, as Plaintiffs' testimony was the sole evidence offered in support of their claims, and Defendants had no control over whether or not Plaintiffs would be available to offer live testimony at trial. Furthermore, the transcript of Plaintiffs depositions was also necessary for counsel to effectively cross-examine Plaintiffs in the event that they did offer live testimony at trial.

It should also be noted that while Plaintiff Marquez was not in fact deposed, his deposition was properly noticed and not objected to. Furthermore, the deposition was not cancelled by Plaintiffs' counsel until approximately two hours after it was scheduled to begin. Indeed, Defendants arranged to have a court reporter, videographer, and interpreter present, all of whom appeared, set up, and waited until such time as Plaintiffs' counsel notified the undersigned that Plaintiffs would be voluntarily dismissing this matter. Accordingly, Defendants seek reimbursement for costs incurred in connection with the appearance of the court reporter, videographer and interpreter on the date of Plaintiff Marquez's deposition, even though Marquez ultimately chose to voluntarily dismiss this matter rather than be deposed.

### III.    Fees and Disbursements for Printing

In connection with their defense of this matter, Defendants necessarily obtained and paid fees in connection with obtaining copies and certified copies of criminal and court records from the Miami-Dade County Clerk, the Miami-Dade Police Department. Defendants also were charged a fee in connection with a public records request for records from the Miami Beach Housing Authority related to Plaintiff Marquez, and in connection with production of Plaintiffs' bank records from SunTrust Bank in connection with a properly issued subpoena.

### V.    Compensation of Interpreters

6

Both Plaintiffs Cabrera and Marquez are Spanish speaking individuals who required interpreters who appeared for their properly noticed depositions. Accordingly, Defendants seek reimbursement of the costs incurred for the appearance of the interpreters at same.

## CONCLUSION

Because Defendants are the prevailing parties as to all claims brought against them by Plaintiffs in this matter, Defendants are entitled to recover the taxable costs incurred in defending this lawsuit, pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Accordingly, Defendants respectfully request this Honorable Court enter an Order: (1) granting Defendants' Verified Motion to Tax Costs and requiring Plaintiff to reimburse Defendants for all allowable taxable costs incurred in defending in this lawsuit, in the amount specified in the attached Bill of Costs; and (2) entering any and all further relief this Court deems equitable and just.

Dated: May 25, 2017.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for the movant attempted to confer with Plaintiffs' counsel regarding the relief sought in this Motion in a good faith effort to resolve the issues raised herein, but has been unable to do so.

Dated this 25th day of May, 2017.

Respectfully submitted,

s/Robert L. Switkes
Robert L. Switkes, Esq.
Florida Bar No: 241059
s/Bradley F. Zappala
Bradley F. Zappala, Esq.
Florida Bar No: 111829

7

**ROBERT L. SWITKES & ASSOCIATES, P.A.**
407 Lincoln Road, PH SE
Miami Beach, Florida 33139
Tel: (305) 534-4757 / Fax: (305) 538-5504
*Counsel for Defendants, Hialeah Housing Authority*
*and Rene Gutierrez*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>25th</u> day of May, 2017, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who

are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Bradley F. Zappala</u>
Bradley F. Zappala, Esq.

<u>**SERVICE LIST**</u>
**United States District Court, Southern District of Florida**
**Case No.: 16-cv-22082 JAL**

<u>**Attorneys for Plaintiff**</u>
Gallardo Law Firm, P.A.
Alexandra Lopez, Esq.
8492 SW 8th Street
Miami, FL 33144
(305) 261-7000
civil@gallardolawyers.com
Leisy Jimenez, Esq.
9441 SW 4th St Apt. 405
Miami, FL 33174
(786) 514-6212
family@gallardolawyers.com

<u>**Attorneys for Defendant City of Hialeah**</u>
Devang Desai, Esquire - FBN: 664421
ddesai@gaebemullen.com
Daniel R. Lazaro, Esquire - FBN: 99021
dlazaro@gaebemullen.com
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844