UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-22082-CIV-LENARD/GOODMAN

ROSA CABRERA, et al.,

    Plaintiffs,
v.

HIALEAH HOUSING AUTHORITY,
INC, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO TAX COSTS**

Defendants Hialeah Housing Authority, Inc. and Rene Gutierrez ("Defendants") filed a Motion to Tax Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c) against Plaintiffs Rosa Cabrera and Nelson Marquez ("Plaintiffs"). [ECF No. 61]. Defendants request an award of $5,633.10 for their taxable costs incurred defending this action. [ECF No. 61-1]. United States District Judge Joan A. Lenard referred the Motion to Tax Costs to the Undersigned. [ECF No. 62]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** Defendants' motion and award Defendants **$4,627.50** ($ 1,005.60 less than the amount requested).

I.      BACKGROUND

Plaintiffs sued Defendants and the City of Hialeah for discrimination and intentional infliction of emotional distress. [ECF No. 1]. On August 22, 2016, Judge Lenard dismissed this case without prejudice based on Plaintiffs' failure to respond to Defendants' motions to dismiss. [ECF No. 25].

Plaintiffs filed an amended complaint against Defendants and not the City of Hialeah and, based on this, Judge Lenard reopened the case. [ECF No. 33]. On October 19, 2016, Hialeah Housing Authority filed a motion to dismiss Count II for failure to state a claim for municipal liability. [ECF No. 36].

On February 10, 2017, Judge Lenard granted Hialeah Housing Authority's motion to dismiss Count II, which was the only count alleged against it. [ECF No. 47]. Plaintiffs did not amend their complaint for a second time to assert any additional counts against Hialeah Housing Authority, rendering Rene Gutierrez the sole defendant.

Defendants claim that on Wednesday, April 19, 2017, Plaintiff Nelson Marquez appeared with his attorneys for a noticed videotaped deposition at defense counsel's office. However, prior to providing any testimony at the deposition, Plaintiffs made the decision to voluntarily dismiss this case with prejudice.

As a result of this Court's dismissal of Plaintiffs' claims against Hialeah Housing Authority and Plaintiffs' voluntary dismissal of the remaining claims against Rene Gutierrez, the Undersigned finds that Defendants are the prevailing parties.

Defendants then filed a Motion to Tax Costs. [ECF No. 61]. Although the Motion's conferral certificate indicates that the parties were unable to reach an agreement, Plaintiffs did not file an opposition response, and the time to do so has long since expired.

## II. DEFENDANTS' REQUEST FOR COSTS

As the prevailing parties, Defendants seek $5,633.10 in taxable costs: (1) $1,860.00 in fees for service of subpoenas; (2) $2,412.50 in fees for court reporting services; (3) $190.60 in fees for printing and disbursements; and (4) $1,170.00 for interpreter compensation. [ECF No. 61-2].

## III. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provide otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Local Rule 7.3(c) establishes guidelines for a bill of costs, specifically referencing 28 U.S.C. § 1920. Under § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding costs enumerated in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

IV.   ANALYSIS

   1.   *Fees for Service of Subpoenas*

It is well-established in the Eleventh Circuit that service of process fees paid to private process servers are taxable under § 1920(1). *W&O, Inc.*, 213 F.3d at 624; *see also Dominguez v. Metro. Miami-Dade Cty.*, No. 03-22821, 2005 WL 5671449, at *3 (S.D. Fla. Apr. 15, 2005) (holding that service of subpoena costs are recoverable). However, private process server fees cannot exceed the amount the United States Marshals

Service charges for personal service of process under 28 U.S.C. § 1921. *Monelus*, 609 F. Supp. 2d at 1333. Twenty-eight C.F.R. § 0.114(a)(3) provides that "[t]he United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses." Here, Defendants seek a total of $1,860.00 in fees for private process server fees. [ECF No. 61-2, p. 2]. Eight of the 19 subpoenas cost $65.00 or less, and total $265. [ECF No. 61-2, p. 2]. The Undersigned finds that such rates are reasonable, as they are less than the U.S. Marshals' rate.

However, Defendants seek a rate of $135.00 for serving subpoenas on ten out-of-state entities: (1) JP Morgan Chase Bank; (2) RC/Capital One Bank; (3) RC/Westlake Financial Services LLC; (4) RC/Mercedes-Benz Financial Services (two subpoenas for a total of $270); (5) Bank of America, N.A.; (6) Merrick Bank; (7) Bank of America, N.A. (for a second time); (8) Kay Jewelers; (9) Premier Bank Card; and (10) JCPenny Card Services. They also seek a rate of $110.00 for serving a subpoena on MetroPCS, another out-of-state entity.[1]

The Undersigned recommends that Judge Lenard tax the subpoenas served on these out-of-state entities at a $65.00 rate (totaling $780.00), so that they are in

---

[1] The receipts indicate that Defendants used a local process server to serve the out-of-state subpoena subjects. However, Defendants have not explained why they had to use a South Florida process server to serve these non-South Florida subjects, why Bank of America was served on more than one occasion, and why two subpoenas needed to be served on RC/Mercedes-Benz Financial Services.

accordance with the other subpoenas and do not exceed the hourly rate of the U.S. Marshals' Service. Accordingly, the Undersigned recommends that the District Court award Defendants **$1,045.00** in costs for service of subpoenas.

    2. *Fees for Court Reporting Services*

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

Courts have ruled that the court reporter's attendance fees are also taxable because "that fee must be paid for the deposition to take place; it is strictly 'necessary.'" *Rodriguez*, 2012 WL 664275, at *4. (internal citations omitted).

As the non-prevailing parties, Plaintiffs are faced with the burden of proving that the specific deposition costs were not necessary. To date, an opposition response was

6

not filed. Therefore, Plaintiffs have not satisfied their burden, and the Undersigned recommends that Judge Lenard award Defendants the requested $2,412.50 for deposition costs.

### 3. Printing and Disbursements

Defendants next seek $190.60 in taxable costs related to public records requests, copies and certified copies from the Miami-Dade County Clerk's Office, certified copies from the Miami-Dade Police Department, and a production fee from SunTrust bank. Defendants claim that they are entitled to such costs under § 1920(3), relating to "[f]ees and disbursements for printing and witnesses[.]" § 1920(3).

Section 1920(3) allows for the recovery of fees related to a witness's appearance before a federal court "or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States[.]" 28 U.S.C. § 1821(a)(1); *see Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Defendants have not explained how such records are connected to an appearance of a witness in Court or at a deposition, thus the Undersigned finds that such fees are not recoverable under § 1920(3).

Even though Defendants do not cite to this section in their motion, § 1920(4), permits the recovery of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." In determining whether copying costs are taxable under § 1920(4), "the court should consider whether the prevailing party could

7

have reasonably believed that it was necessary to copy the papers at issue." *W&O Inc.*, 213 F.3d at 623. One such category of taxable costs is "[c]opies attributable to discovery." *Id.* (citation omitted). Other categories include "copies of pleadings, correspondence, and other documents tendered to opposing parties [and] copies of pleadings, motions and memorandum which were provided to the court[.]" *Horton Homes, Inc., v. U.S.,* Case No. 5:01–cv–130–2(W), 2004 WL 1719354, at *2 (M.D. Ga. June 20, 2004). The burden is on the prevailing party to establish the nature of the documents and how they were used or intended to be used in the case. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, aside from listing the various public record inquiries and associated costs, Defendants have not established the nature of the documents and how they were used in this case. *See McNeeley v. Wilson,* No. 212CV488FTM38MRM, 2017 WL 3822734, at *3 (M.D. Fla. Aug. 30, 2017) (denying motion to tax costs related to public record requests because prevailing party did not establish how documents were used in the case). Therefore, the Undersigned recommends that Judge Lenard deny Defendants' request to tax costs for these documents under §§ 1920(3) and (4).

> *4. Compensation of Interpreters and Costs of Special Interpretation Services under 28 U.S.C. § 1828*

Defendants next seek $1,170.00 in taxable costs related to interpretation services. Twenty-eight U.S.C. § 1920(6) provides for the recovery of costs associated with an interpreter under 29 U.S.C. § 1828. Defendants provided invoices demonstrating

8

reasonable costs for interpretation services. [ECF No. 61-2, pp. 13, 19]. Accordingly, the Undersigned recommends that Judge Lenard award the requested $1,170.00 to Defendants for the compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828.

V.    CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** Defendants' Motion to Tax Costs and **award** Defendants **$4,627.50** ($1,005.60 less than the amount requested).

VI.    OBJECTIONS

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon

grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, December 22, 2017.

Jonathan Goodman<br>
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record